Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
TVI, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEA HUGHES, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TVI, INC., a Washington Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: _____<br><br>**DEFENDANT TVI, INC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a) AND (b), AND 1446**<br><br>Complaint Filed: November 28, 2023<br>Trial Date: None Set |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF SHEA HUGHES AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant TVI, Inc. ("Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, and removes the above-entitled action to this Court from the Superior Court of California for the County of Solano. In support thereof, Defendant asserts the following:

**I.   PROCEDURAL BACKGROUND.**

1. On November 28, 2023, Plaintiff Shea Hughes ("Plaintiff") filed a civil class

action complaint (the "Complaint") against Defendants in the Superior Court of the State of California for the County of Solano entitled *Shea Hughes, as an individual and on behalf of all others similarly situated, v. TVI, Inc., a Washington Corporation; and DOES 1-100, inclusive,* Case No. CU23-05591. In the Complaint Plaintiff alleges eight causes of action on behalf of a class defined as "All current and former non-exempt employees that worked either directly or via a staffing agency for any one or more of the DEFENDANTS at any location in California at any time within the four years prior to the filing of the initial Complaint[.]" Compl. ¶ 15.

2. The Complaint sets forth the following eight causes of action: (1) Failure to Pay All Hours Worked at Minimum Wage and Liquidated Damages; (2) Failure to Pay Overtime Wages for Daily Overtime Worked; (3) Failure to Authorize or Permit Meal Periods; (4) Failure to Authorize or Permit Rest Period; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Failure to Timely Pay All Wages Due Upon Separation of Employment; (7) Failure to Reimburse Business Expenses; and (8) Unfair Competition. *See generally,* Compl.

3. On November 30, 2023, Defendant was served with Plaintiff's Summons and Complaint and related court documents. (Declaration of Adam Siegel ("Siegel Decl.") **Exhibit A**.)

4. On December 28, 2023, Defendant filed and served its Answer in the Solano County Superior Court. (Siegel Decl. **Exhibit B.**)

5. Exhibits A-B constitute all the court documents that have been served in this action as of the date of the filing of this Notice of Removal. (Siegel Decl. ¶ 4.)

## II. **REMOVAL IS TIMELY.**

6. This Notice of Removal has been filed within thirty (30) days after Defendants were deemed served a copy of Plaintiff's Summons and Complaint upon which this action is based. This Notice of Removal is therefore filed within the period provided by 28 U.S.C. § 1446(b).

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Solano County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

8. Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

9. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(5).

10. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action involving more than 100 members, and based on the allegations in the Complaint the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on Plaintiff's own itemization of penalties, and Plaintiff is a citizen of a state different from Defendant. Furthermore, the Defendants are not a State, State official, or other governmental entity.

#### A. The Putative Class Has More Than 100 Members.

11. CAFA provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

12. Here, Plaintiff alleges a putative class consisting of "All current and former non-exempt employees that worked either directly or via a staffing agency for any one or

more of the DEFENDANTS at any location in California at any time within the four years prior to the filing of the initial Complaint[.]" Compl. ¶ 15. During the time period in question TVI, Inc. employed approximately 1,532 non-exempt employees. (Declaration of Lea Bedford ("Bedford Decl.") ¶ 7.) As such, the class has more than 100 members.

### B.  Diversity Of Citizenship Exists.

13.  CAFA's diversity requirement is satisfied when at least one member of a class of plaintiffs is a citizen of a state in which none of the defendants are citizens, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

14.  "An individual is a citizen of the state in which he is domiciled[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Here, Plaintiff at the time of filing of the Complaint alleges she was a resident of the State of California. *See* Compl. ¶ 32. Plaintiff's personnel file indicates that she resides in Vacaville, California, in Solano County. (Bedford Decl. ¶ 11.) Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.

15.  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v Friend*, 559 U.S. 77, 80-81 (2010). A corporation can only have one "nerve center." *Id.* at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

16. TVI, Inc. is a corporation formed under the laws of the State of Washington. (Bedford Decl. ¶ 5.) TVI, Inc's principal places of business and its corporate headquarters is also located in the State of Washington, which is where its primary executive, administrative, financial, and management functions are conducted and where most of its corporate officers direct, control, and coordinate its corporate and business activities. *Id*.

17. A subset of TVI's operations, including TVI's Controller, are based out of a separate office located in Boise, Idaho. (*Id.* ¶ 6.)

18. Prior to COVID-19 all TVI executives operated out of the Bellevue, Washington location. Due to COVID-19 and working-from-home changes, three TVI executives now work out of their personal residences located in Minnesota, Nebraska, and Pennsylvania, although these executives regularly visit, and work out of, TVI's Bellevue, Washington headquarters. (*Id.*) TVI's corporate office continues to be based in Bellevue Washington. (*Id.*)

19. Accordingly, all of TVI's primary, executive, administrative, financial, policymaking, and management functions are not performed in California, but are primarily performed in the State of Washington, with some activity occurring in Idaho, Minnesota, Nebraska, and Pennsylvania.

20. Thus, TVI, Inc., both at the time this action was commenced and the time it was removed to federal court, was and is a citizen of the State of Washington. *See* 28 U.S.C. § 1332(c)(1).

21. Therefore, for the purpose of determining jurisdiction, Defendant was not, and is not, a citizen of the State of California.

22. The presence of Doe defendants has no bearing on the diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

23. Accordingly, CAFA's minimal diversity requirement is satisfied because Plaintiff is a citizen of a state, *i.e*., California, in which none of the defendants are citizens. *See* 28 U.S.C. § 1332(d)(2).

**C.      The Amount in Controversy Exceeds $5,000,000.**

24.     CAFA authorizes the removal of class action cases in which the amount in controversy of all class members in the aggregate exceeds $5,000,000. 28 U.S.C. Section 1332(d).

25.     A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[]" within the removing party's notice of removal and is not required to submit evidence in support of its removal allegations. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

26.     Although the Complaint does not specify the dollar amount of damages being sought, and without admitting that Plaintiff could recover any damages, Defendants have a good faith belief that the amount in controversy in this action could well exceed $5,000,000, exclusive of interest and costs.

27.     Plaintiff alleges the following eight claims on behalf of herself and the putative class members during the Class Period: (1) Failure to Pay All Hours Worked at Minimum Wage and Liquidated Damages; (2) Failure to Pay Overtime Wages for Daily Overtime Worked; (3) Failure to Authorize or Permit Meal Periods; (4) Failure to Authorize or Permit Rest Period; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Failure to Timely Pay All Wages Due Upon Separation of Employment; (7) Failure to Reimburse Business Expenses; and (8) Unfair Competition. *See generally,* Compl.

28.     Plaintiff further alleges that Defendants engaged in "unfair conduct" by: Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for all overtime hours worked; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; failure to provide accurate wage and hour statements; failure to reimburse

business expenses; and failure to timely pay all wages due upon separation of employment. *Id.* at ¶ 147.

29. There are approximately **1,532** putative members in the class. (Bedford Decl. ¶ 7.)

30. During the Class Period, upon reviewing the putative class members' dates of employment, the putative class have worked at least **66,171** estimated workweeks. (*Id.* ¶ 8.) The average hourly rate of the putative class members, including Plaintiff, was **$15.52** during the Class Period. (*Id.* ¶ 9.)

31. <u>Claim for Failure to Provide Meal and Rest Period Premiums</u>. According to California Labor Code Section 226.7, no employer shall require any employee to work during any meal or rest period. Cal. Lab. Code § 226.7(a). If an employer fails to provide an employee a meal or rest period, the employer shall pay the employee an additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided. Cal. Lab. Code § 226.7(c).

32. Based on the *conservative* assumption that of the approximately **66,171** estimated workweeks worked by all class members, each class member is owed one missed rest period every week, at the average hourly rate of pay during the Class Period, the amount in controversy for the rest period claim is: **$1,026,973.92** (**66,171** workweeks during Class Period x **$15.52** rate of pay during Class Period x 1 missed rest period per week during Class Period).

33. Based on the *conservative* assumption that of the approximately **66,171** estimated workweeks worked by all class members, each class member is owed one missed meal period every week, at the average hourly rate of pay during the Class Period, the amount in controversy for the meal period claim is: **$1,026,973.92** (**66,171** workweeks during Class Period x **$15.52** rate of pay during Class Period x 1 missed rest period per week during Class Period).

34. Thus, conservatively Plaintiff has alleged at least **$2,053,947.84** in controversy on the meal and rest break claims, alone.

35. <u>Claim for Failure to Pay Final Wages Timely</u>. California Labor Code Section 203 provides "waiting time" penalties to an employee for an employer's failure to pay the employee all wages owed at termination in the amount of one day's wages for each day all owed wages remain unpaid up to a maximum of thirty days. Cal. Lab. Code § 203(a).

36. Again, based on the conservative assumption that each of the **1,532** putative class members during the Class Period is owed any unpaid wages or one hour of premium wages for one missed rest or meal periods, it is a reasonable inference that all of the **1,532** putative class members who are former employees are owed waiting time penalties at the average hourly rate during the Class Period for the maximum penalty of thirty days of wages. *See e.g. Naranjo*, 13 Cal. 5th 93 (holding that because premium pay for missed meal and rest breaks constitute wages, failure to pay such premiums will trigger derivative claims for wage statement and waiting time penalties).

37. At the time of this removal, of the **1,532** putative class members during the Class Period, **810** are former employees. (Bedford Decl. ¶ 7.)

38. Therefore, based on the assumption that each of the **810** putative class members who are former employees are owed thirty days of wages at the average hourly rate during the Class Period as waiting time penalties, the amount in controversy for this claim is: **$3,017,088.00** (**810** former employees during the Class Period x **$15.52** average hourly rate during the Class Period x 8 hours per day x 30 days).

39. <u>Other Claims</u>. In addition to these two claims, Plaintiff seeks damages on behalf of herself and the putative class for: (1) failure to pay overtime, (2) failure to pay minimum wages, (3) failure to provide accurate wage statements; and (4) failure to reimburse business expenses, and (5) unfair business practices. Plaintiff also seeks an award for attorneys' fees and costs.

40. These potential damages and/or penalties significantly increase the amount in controversy. The damages are further multiplied by the additional nonexempt employees working in California, who are included in several of the Complaint's various subclass definitions.

41. Accordingly, the following is the minimum amount in controversy based on the allegations alleged without factoring in the other claims and making conservative assumptions based on the allegations in the Complaint:

| CLAIM | AMOUNT IN CONTROVERSY |
|---|---|
| Labor Code Section 227.6 (meal & rest breaks) | $2,053,947.84 |
| Labor Code Section 203 (waiting time penalties) | $3,017,088.00 |
| **TOTAL** | **$5,071,035.84** |

## IV. ALL OTHER DEFENDANTS CONSENT.

42. All named defendants consent to the removal of this action to federal court. (Bedford Decl. ¶ 4.)

## V. VENUE IS PROPER.

43. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and the Defendant in this action is subject to personal jurisdiction in the Northern District of California.

WHEREFORE, Defendants remove the above-entitled action now pending in the Superior Court of the State of California in and for the County of Solano to this Court.

Dated: December 29, 2023          **JACKSON LEWIS P.C.**

By: _/s/ Adam Y. Siegel_
Adam Y. Siegel

Attorneys for Defendant
TVI, INC